COLUMBIA OYER AND TERMINER.   January, 1852.   Before *Parker*, Justice of the Supreme Court and the Justices of the Sessions.

### THE PEOPLE *vs.* CHARLES A. SMITH.

Under a plea of *not guilty*, a defendant can not avail himself of the fact that he has been indicted by a wrong name.

Where, in an indictment for burglary, the building charged to have been entered was laid as the shop of William S. Amigh, it was held no variance that the shop was used in the business of one Winters, of whom Amigh was the agent, it appearing that Amigh hired and paid for the shop and that it was under his charge.

In an indictment for larceny, it is sufficient if the goods stolen are laid as the goods and chattels of the bailee.

Thus where, in an indictment for burglary and larceny, the property stolen was laid as the goods and chattels of William S. Amigh, and it appeared in evidence that the goods stolen belonged to one Winters, and that Amigh had the lawful custody of them from Winters with authority to sell them and account for the proceeds, it was held no variance.

The prisoner had been indicted at a previous term of the court for burglary and larceny.

The first count of the indictment charged as follows: " The jurors of the people of the state of New York in and for the body of the county of Columbia, on their oath and affirmation present, that on the ninth day of May one thousand eight hundred and fifty, at the city of Hudson, in the county of Columbia aforesaid, Charles A. Smith, late of the city and county of New York, laborer, the shop of one William S. Amigh, in which goods, merchandise and valuable things, viz., segars and boxes were there kept for sale, deposit and use, situate in the city of Hudson aforesaid, feloniously and burglariously did break and enter with intent the goods and chattels of the said William S. Amigh, in the said shop, then and there being, then and there

feloniously and burglariously to steal, take and car·y away, and then and there in the said shop ten thousand segars of the value of two hundred dollars and fifty boxes of the value of five dollars, of the goods and chattels of the said William S. Amigh, in the said shop then and there being found, then and there feloniously and burglariously did steal, take and carry away, against the form of the statute in such case made and provided, and against the peace of the people of the state of New York and their dignity."

In the second count, the place alleged to be burglariously entered was called a "store;" in the third count, a "warehouse," and in the fourth count, a "building."

The prisoner having pleaded not guilty, the cause came on to trial.

*J. C. Newkirk* (District Attorney), for the people.

*Theo. Miller,* for defendant.

*William H. Amigh*—Testified that he was a segar maker by trade, and in May, 1850, was in the employment of his uncle, William S. Amigh, who had a shop for the manufacture of segars in Cherry Alley, in the city of Hudson. That said shop was broken into in May, 1850, when William S. Amigh was absent in the city of New York, the shop being left in the charge of the witness. The witness discovered the shop had been entered, when he went to it about six o'clock in the morning; that he found the front door unhooked and unbarred, and on entering discovered a box of segars on the lower floor had been opened and about sixty segars taken out of it; and on going up stairs into the shop and another room kept for storing segars, which were put up in boxes, he discovered that at least fifty or sixty dollars worth had been taken away during the night; that ten or fifteen thousand segars which had been there two or three months were missing; that witness had been in the shop the day before and discovered at once, on entering, that the segars were gone.

The People v. Smith.

Witness further stated that he did not recollect whether he shut up the shop the night before, but he was generally the person to do it; that sometimes another young man working in the shop shut it up at night.

That about a week afterwards he saw segars that he thought to be the same, from the appearance of the boxes and the trimmings, in a dry goods box marked " T. Dimmick," on board the steamboat Columbia, at the dock, in the city of Hudson.

*Christopher Turpin*—Testified that he was a tavern keeper at Bristol, a landing place, on the west side of the Hudson river, and a few miles below Hudson    That before sunrise one morning in May, 1850, the prisoner came there in a small boat in company with one or two others and took out of the boat and put on the dock a dry goods box.   That the prisoner came to witness's house near by and asked witness to label the box, that he might send it to New York.   That witness furnished prisoner with a card and hammer and small tacks and told him to label it.   That prisoner took them and wrote on the card "G. & G. W. Spencer, New York, to be called for."   The card was here presented to and identified by the witness.   That the prisoner nailed the card on the dry goods box and requested witness to put the box on board the Catskill boat for New York, if it landed, and if not, on board the Hudson down boat that evening.   Prisoner then went away in the small boat.   Witness being the same day in Hudson heard of the burglary committed the night before, and returning as he went on shore put the box on board the steamboat Columbia, Capt. King, with the card on it.   That very soon afterwards he telegraphed Capt. King to Newburgh, that he might receive the message before reaching New York.   That witness afterwards saw this box in Mr. Amigh's shop.

*Capt. King*, of the steamboat Columbia, testified to the putting of the dry goods box on board at Bristol, and identified the card shown him as being then on the box.   That he read the telegraphic communication at Newburgh, and that on reaching New York some one (not prisoner) called for the box, bu' he refused to let it go.   That he kept the box and brought it back

to Hudson and delivered it to Wm. S. Amigh. Was present when it was opened. It contained segars in boxes and candy; that the cover of the box was marked with paint on the inside, " T. Dimmick," which is the name of a merchant tailor in Hudson.

*William S. Amigh*—Identified the segars and boxes as being those taken from his shop. That there were about 15,000 segars, worth nearly $250. That the segars belonged to Mr. Winters, who lives in Albany. That witness hired the shop and purchased the material and manufactured the segars in the name of Mr. Winters. That witness sold what segars he manufactured for Mr. Winters. That witness was in the employment of Mr. Winters, and received a salary for his services; that he, witness, had charge of the segars, but had no interest in them; witness was merely agent, and Winters had a right to take the possession of the property at any time. Witness said an axe, buck and saw, in the lower room of the shop, belonged to him.

The prosecution here rested, and the defence called

*Elizabeth Smith,* who testified that she resided in Hudson; that prisoner was her son, and was twenty-one years of age.

Prisoner's counsel then offered to prove that prisoner's name was *Alonzo Smith* and not *Charles A. Smith.* This being objected to, was excluded, the court holding that it was too late to set up such a defence after pleading *not guilty.*

Some evidence was then given by the witness with a view to show an *alibi.*

The prisoner's counsel then asked the court to decide that there was a variance between the indictment and the proof; that the proof would not sustain the allegation in the indictment that it was the shop of William S. Amigh, nor the allegation that the property stolen was the goods and chattels of William S. Amigh.

The district attorney contended that the proof was sufficient, citing *Wharton's Am. Cr. Law,* 362, 404, *and cases therein referred to; Arch. Cr. Pl.* 212; *Reg* v. *Bird, Car. & Payne,* 44.

The People *v.* Alger.

The court decided that there was no variance; that if the shop was in the custody and charge of Amigh, it was sufficient to support the allegation in the indictment; that it appeared the shop was hired and paid for by Amigh and in his charge.

As to the segars and segar boxes, the court decided that it was sufficient to support the indictment that Amigh had the lawful custody of them and authority to sell them and account for them to Winters; that it was sufficient if goods stolen were laid as the property of the bailee.

The jury found the prisoner guilty of grand larceny, and he was sentenced to imprisonment in the state prison at Sing Sing, for the term of two years and three months.